**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LUCIO DE PAZ FLORES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-01294** |
| | ) | **Judge Aleta A. Trauger** |
| **MARKWAYNE MULLIN, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM & ORDER**

The Petitioner, Lucio de Paz Flores, has filed a Petition for a Writ of Habeas Corpus. (Doc. No. 1.) For the following reasons, the writ is **GRANTED**.

## I. BACKGROUND

The Petitioner, age 29, is a citizen of El Salvador.[1] He entered the United States "as an unaccompanied minor" in 2012 "after fleeing severe persecution." (Doc. No. 1 at 4.) He has lived here ever since and has no criminal record. (*Id.*) On September 6, 2026, the Petitioner was arrested by local police in Gallatin, Tennessee for driving without a license. (*Id.* at 7.) He posted bond for the driving offense in a local court but was nevertheless detained by Immigration and Customs Enforcement ("ICE") agents on September 11, 2026 due to his illegal entry into the country fourteen years earlier. (*Id.*; Doc. No. 15 at 2.) The Petitioner was not afforded the opportunity to challenge his detention in an individualized, pre-deprivation detention hearing, even though the respondents (collectively, the "Government") concede that the Petitioner was subject to 8 U.S.C.

[1] The Petitioner's citizenship is not specified in the Petition. However, the Petitioner's legal counsel has filed email correspondence exchanged with immigration authorities listing his country of citizenship as El Salvador. (Doc. No. 12-3 at 3.) The Response filed by the respondents also confirms that the Petitioner is a citizen of El Salvador. (Doc. No. 15 at 1.)

§ 1226(a)'s discretionary detention framework at the time of his arrest. (Doc. No. 15 at 4; Oct. 9, 2026 Hr'g Tr. at 1–2.)

While in ICE's custody, the Petitioner alleges that he was pressured to sign an agreement to self-deport from the United States. (Doc. No. 13 ¶¶ 7–8.) He signed the agreement without the assistance of his attorneys, even though he was represented by counsel at the time he signed the agreement. (*Id.*) He later revoked the agreement, which resulted in ICE agents repeatedly threatening the Petitioner with deportation if he did not self-deport. (*Id.* ¶¶ 8, 10.) The Petitioner told the ICE agents that further communications should be directed to his attorneys, but the agents continued to badger and threaten him. (*Id.*) The Petitioner is currently being held at the Western Tennessee Detention Center in Mason, Tennessee. (Doc. No. 15 at 2.)

## II. PROCEDURAL HISTORY

The Petitioner filed his Petition through counsel on September 9, 2026. Two days later, the court issued a Temporary Restraining Order that enjoined the Government from transferring the Petitioner outside of the Middle District of Tennessee during the pendency of his Petition. (Doc. No. 7.) He was nonetheless transferred to the Western District of Tennessee. (Doc. No. 15 at 2.) The court held a hearing on October 9, 2026 and ordered the Government to show cause by October 13, 2026 as to why the writ should not be issued. (Doc. No. 14.) The Government has since filed a Response in opposition to the Petition (Doc. No. 15.) and the Petitioner filed a Reply in support of his Petition. (Doc. No. 16.)

## III. DISCUSSION

The Petitioner asserts that his detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution because he has not been afforded an individualized, pre-deprivation bond hearing to challenge his detention. (Doc. No. 1 at 12–13.) He seeks a declaration that he is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework and that

his continued detention is unlawful and violates the Petitioner's constitutional due process rights. (*Id.* at 13–14.) The Petitioner also seeks an order compelling his immediate release from detention and a permanent injunction barring the Government from (1) re-detaining him under 8 U.S.C. § 1225(b)'s mandatory detention framework; (2) re-detaining him absent a constitutionally adequate individualized, pre-deprivation hearing, as required by 8 U.S.C. § 1226(a) and the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Petitioner also seeks an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412. (*Id.* at 16.)

The Government opposes the Petitioner's release. Importantly, the Government acknowledges that the Petitioner is subject to 8 U.S.C. § 1226(a)'s detention scheme and that the Petitioner should have been afforded an individualized, pre-deprivation hearing to challenge his detention. (Doc. No. 15 at 4.) Nevertheless, the Government asserts that this court is powerless to remedy that due process violation because the Petitioner subsequently signed a voluntary departure agreement after his arrest, which the Government maintains deprives this court of jurisdiction. (*Id.*) The Government's argument is meritless.

Here, it is undisputed that the Petitioner was subject to § 1226(a)'s discretionary detention framework at the time of his arrest. In the Sixth Circuit, a noncitizen who is subject to § 1226(a)'s detention scheme is entitled to an individualized hearing to challenge his continued detention. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). The record establishes that no such hearing has been provided to date. The court will therefore order the Petitioner's immediate release in light of that clear due process violation.

The court also does not credit the Government's argument that the voluntary departure agreement signed by the Petitioner deprives this court of jurisdiction. First, at least one federal

court has concluded that a noncitizen's liberty interest to be free from government detention is not extinguished merely because the noncitizen signed an agreement to voluntarily depart the country. *G.E. v. Warden of California City Corr. Ctr.*, No. 1:26-cv-04311-TLN-JDP, 2026 WL 1733703, at *3 (E.D. Cal. June 16, 2026). This court agrees with the conclusion reached by the Eastern District of California. Second, the record here casts doubt on whether the Petitioner "voluntarily" signed this agreement. There is evidence in the record indicating that the Petitioner was pressured by government agents to sign this agreement while in their custody *after* the Petitioner's due process rights were violated, and while he was represented by counsel. He was not afforded the opportunity to consult with his lawyer *before* signing the agreement, despite the court's earlier Order requiring the Government to "facilitate immediate, confidential attorney-client communication." (Doc. No. 7 at 2.) That evidence is enough for this court to order the Petitioner's immediate release notwithstanding the provision in the "voluntary" departure agreement providing that the Petitioner will remain in governmental custody pending departure.

## IV. CONCLUSION

For the reasons stated herein, the court **DECLARES** that the Petitioner is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework. The court **FURTHER DECLARES** that the Petitioner's continued detention is unlawful and violates his constitutional due process rights under the Fifth Amendment to the United States Constitution. The Government is **ORDERED** to immediately release the Petitioner from custody. The Petitioner's release **SHALL** occur in no case later than 4:00 p.m. CST on Thursday, October, 15, 2026, with all possessions, property, and documents that Petitioner had at the time he was taken into custody. The Government is **FURTHER ORDERED** to file a Status Report with the court no later than October 16, 2026 to certify compliance with this Order.

The Government is **ENJOINED** from re-detaining the Petitioner in the future without first providing an individualized, pre-deprivation hearing, as required by 8 U.S.C. § 1226(a) and the Sixth Circuit's decision in *Lopez-Campos*.

Finally, the Petitioner's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, must be made by a separate motion.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge